## Philadelphia, Appellant, *v.* Westminster Cemetery Co.

*Constitution—Local laws—Cemetery companies—Act of June 8, 1891.*

The act of June 8, 1891, P. L. 216, entitled " An act to prevent the pollution of the water of streams supplying cities of this commonwealth," and providing " that it shall be unlawful to hereafter establish any cemetery upon lands located within one mile from any city of the first class of this commonwealth, the drainage from which empties or passes into any stream from which any portion of the water supply for such city is obtained," is a local law relating merely to a narrow strip of territory outside the city of Philadelphia, and violates art. 3, sec. 8, of the constitution.

MR. JUSTICE MITCHELL dissented.

Argued April 3, 1894.    Appeal, No. 281, Jan. T., 1894, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1893, No. 472, sustaining demurrer to bill.    Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.    Affirmed.

Demurrer to bill in equity for injunction.

The facts appear by the opinion of the Supreme Court.

The court sustained the demurrer and dismissed the bill, in an opinion by ARNOLD, J., 3 Dist. R. 151.

*Error assigned* was above decree.

*James Alcorn, Charles F. Warwick* with him, for appellant, cited : Com. v. Powell, 114 Pa. 265; Wheeler v. Phila., 77 Pa. 338; Ruan Street, 132 Pa. 276; Act of May 19, 1874, P. L. 218.

*William C. Hannis, George C. Bowker* and *Mayer Sulzberger* with him, for appellee, cited : Weinman v. Ry., 118 Pa. 192; Ruan St., 132 Pa. 257; City v. Church, 115 Pa. 291; Wyo-

ming Street, 137 Pa. 502; Ayars's Ap., 122 Pa. 266; City v. Whyte, 148 Pa. 419; Reeves v. Traction Co., 152 Pa. 153; Perkins v. Phila., 156 Pa. 554; Com. v. Patton, 88 Pa. 258; Scowden's Ap., 96 Pa. 422; Dorsey's Ap., 72 Pa. 192; Beckert v. Allegheny, 85 Pa. 191; Phœnixville Borough Road, 109 Pa. 44; Sewickley Borough v. Sholes, 118 Pa. 165; Phila. y. Ry. Co., 142 Pa. 484; Fleming's Ap., 65 Pa. 444; Borough v. Bachman, 21 W. N. 462; Sterling's Ap., 111 Pa. 35; Ward v. Peck, 49 N. J. 42; R. R. v. Hough, 61 Mich. 507; Hendershot v. State, 44 Ohio, 208; State v. R. R., 36 Minn. 402; Glover v. Powell, 2 Stockton's Ch. 211; Colwell v. May's Landing Co., 4 C. E. Greene, Ch. 246; State v. Laverack, 5 Vroom, 201; Hale v. Lawrence, 1 Zabriskie, 714; Const., art. 3, §§ 3, 7; art. 16, § 8.

OPINION BY MR. JUSTICE WILLIAMS, May 31, 1894:

This appeal depends on the constitutionality of the act of the 8th of June, 1891. The act provides that it shall thereafter be unlawful to " establish any cemetery upon lands, located within one mile from any city of the first class of this commonwealth, the drainage from which empties or passes into any stream from which any portion of the water supply for such city is obtained." The defendant company has established a cemetery within one mile from the city of Philadelphia, a city of the first class, and its lands are so situated that the drainage therefrom passes into the Schuylkill river, from which the water supply of the city is taken.

The bill filed in this case recites the act of the 8th of June, 1891, and the location of defendant's cemetery within the limits fixed thereby, and asks that the defendant be restrained by injunction from using its cemetery for purposes of burial. The defendant, admitting the facts alleged, demurs to the bill, assigning as a reason that the act on which it rests is local, and therefore unconstitutional and void. The learned judge of the court below sustained the demurrer, and entered judgment thereon for the defendant. From the judgment so entered this appeal is taken.

It is not alleged by the appellant that this act is a general law in the primary sense of the words, for it does not apply to the state at large; but it is contended that it is a general law in

a secondary or restricted sense because of the classification of cities, and because its provisions relate to cities of the first class. If, however, we look into its provisions, we shall find that they do not relate to cities of the first class, or any other class. They relate distinctly and clearly to a strip of territory lying on the outside of the city of Philadelphia, having a breadth of one mile, and a drainage into any stream from which the water supply of the city is obtained. No municipal power, or duty, or officer, is the subject of legislative regulation by this act; but it lays its hand on cemeteries and forbids their establishment within this narrow strip of territory. Now cemeteries may be more numerous and more necessary in the neighborhood of cities than in the country, but it will hardly be asserted that they are part of the municipal machinery of a city, even when located within its limits. This act does not undertake however to deal with cemeteries within cities of the first class, but with those that are wholly outside of them. It does not attempt to deal with all cemeteries that are outside, but only with those that are within one mile from the city lines. Even this limited territory is subdivided so that in the neighborhood of Philadelphia the law is applicable to those cemeteries lying in the valley of the Schuylkill, but is not applicable to those in the valley of the Delaware. It would be difficult to imagine a better example of a law both local and special than this. We have held that the classification of cities rests on population, and may be sustained for the purposes of municipal government. When an effort has been made to extend legislation for classified cities to other subjects not municipal in their character, we have in every case refused to sustain such legislation. In the City of Philadelphia v. The Church, 115 Pa. 291, the law before us was one relating to municipal liens in cities of the first class. We held it to be local because municipal liens were not subjects of municipal control. In Weinman v. The Railway, 118 Pa. 192, the effort was to legislate for passenger railways by reference to the class of cities in which the roads were located, and we said that, while street railways were built in cities, they were subjects of general legislation, and could not be provided with a different sort of corporate machinery for each class of cities. In Ruan Street, 132 Pa. 257, we held that, while the common law courts might be held in cities, they

were the courts of the commonwealth and were no part of the municipal machinery. They could not be changed therefore in their organization, powers, or jurisdiction, because of the city in which they might happen to be held. The same principles were laid down in Ayars's Appeal, 122 Pa. 266 ; in Wyoming Street, 137 Pa. 502, and in several other cases. These cases are absolutely conclusive upon the question now raised, and the learned judge of the court below could not have done otherwise than to hold the act of 1891, relied on, to be local and therefore unconstitutional.

The judgment is affirmed.

MR. JUSTICE MITCHELL dissented.